IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NICHOLAS ALBRECHT, 07389-046,** | ) |
| Petitioner, | ) ) ) ) ) |
| vs. | ) Case No. 18−cv−1680−MJR ) |
| **T.G. WERLICH,** | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

*Pro se* Petitioner Nicholas Albrecht, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 challenging the imposition of his federal sentence in *United States v. Albrecht*, No. 11-cr-003-DWM-1 (D. Mon. July 6, 2011) ("Federal Criminal Case"). Petitioner challenges the enhancement of his sentence as a career offender under U.S.S.G. § 4B1.1. He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016). (Doc. 1).

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts gives this Court the authority to apply the rules to other habeas corpus cases.

### Background

On January 5, 2011, Petitioner Albrecht was indicted for Conspiracy to Distribute

Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1). Federal Criminal Case, Doc. 1. He entered a guilty plea on March 24, 2011. *Id.* at Doc. 37. Petitioner was sentenced to be imprisoned for 240 months on July 6, 2011. *Id.* at Doc. 58. He does not appear to have appealed his sentence or conviction.

## Legal Standards Applicable to Section 2241

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998). A motion under § 2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to bringing only *one* motion under § 2255.

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for post-conviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he

must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## Analysis

Citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), petitioner argues that his prior deferred sentence for an offense under Montana law does not qualify for the purpose of a career offender enhancement. However, the Court need not decide the merits of petitioner's argument because he cannot bring a *Mathis* claim in a § 2241 petition. There are some claims that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013). *See also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

The Seventh Circuit recently reiterated that the Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017). Petitioner was sentenced in 2011, after *Booker* was decided. He received a sentence that was within the statutory range. Therefore, he cannot demonstrate a miscarriage of justice so as to permit a § 2241 petition.

## Conclusion

For the foregoing reasons, Nicholas Albrecht's Petition for Writ of Habeas Corpus under

28 U.S.C. §2241 **(Doc. 1)** is **DENIED**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**Dated: October 9, 2018**

    **s/ MICHAEL J. REAGAN**
    **United States Chief District Judge**